IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO RODRIGUEZ, CHRISTA CAMPOS, INDIVIDUALLY AND AS NEXT FRIEND OF SON, NOEL RODRIGUEZ, A MINOR,<br>    Plaintiffs,<br><br>v.<br><br>M/V WASHINGTON RAINBOW II, HER ENGINES TACKLE, APPAREL, ETC., *IN REM*, GOUMAS SHIPPING CO., S.A. AND WESTERN BULK CARRIERS A/S, *IN PERSONAM*,<br>    Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-05-1129 |

## ORDER

Plaintiff Ricardo Rodriguez alleges that he was injured aboard the M/V WASHINGTON RAINBOW II when a crane wire failed, dropping cargo on his arm. Plaintiffs, (Rodriguez, his wife, and his son) are suing defendants for damages under 33 U.S.C. § 905(b) of the Longshore & Harbor Workers Compensation Act. Plaintiffs have filed a motion to compel defendants to allow metallurgical testing of the failed crane wire involved in the subject incident (Dkt. 24). The wire currently is in the possession of counsel for the vessel owner. The vessel owner does not object independently to plaintiffs' request, but refuses to consent to testing over the objection of Western Bulk Carriers A/S (Western A/S).

There is a serious pending dispute in this case as to whether Western A/S is a proper

defendant.[1] But the issue of whether Western A/S should be dismissed as a defendant in this case is not before the court. The only issue before the court is whether testing of the wire should go forward at this time.[2]

The parties first raise tit-for-tat procedural arguments. Western A/S argues that plaintiffs' Rule 34 request for testing, which was sent to counsel by fax but not regular mail, was not properly served in accordance with Federal Rule of Civil Procedure 5. Rule 5(2)(D) allows service by fax only upon written agreement of the parties. Plaintiffs argue that Western A/S did not lodge timely objections to the discovery request.

Plaintiffs contend that Western A/S is estopped from arguing that service by fax was improper because Western A/S had never previously objected to service by fax. Plaintiffs cite no authority from any court in the Fifth Circuit recognizing an implied exception to Rule 5(2)(D)'s command that service by fax be "consented to in writing by the person served." The cases cited by plaintiffs in support of their estoppel argument are not persuasive because they do not address the 1991 amendment to Rule 5 expressly incorporating the requirement of a written agreement. *See, e.g., Salley v. Board of Governors*, 136 F.R.D. 417, 421 (M.D.N.C. 1991). Plaintiffs' invitation to rewrite Rule 5(2)(D) by adding an estoppel

---

[1]  Western A/S has filed a motion for summary judgment on the grounds that it is not the vessel time charterer, and cannot be liable to plaintiffs under § 905(b).

[2]  Also before the court are defendants' motion to strike and a counter-motion for sanctions (Dkt. 33). In response to defendants' counter-motion, plaintiffs have withdrawn their request for sanctions and fees (Dkt. 36, at 4). Because the parties raise significant issues about the appropriateness of the discovery, the court exercises its discretion to deny any sanctions or fees to any party.

exception is declined. Plaintiffs' discovery request was not properly served, and therefore Western A/S has not waived its objections[3] to the testing.

Because plaintiffs' discovery request is a nullity due to improper service, the motion to compel may be denied on that ground alone. Even had the request been properly served, however, the relief sought by the motion is not warranted on the merits.

Setting aside for now disputes about appropriate testing protocol and the qualifications of the testing service, it is doubtless true that plaintiffs generally are entitled to seek and obtain discovery such as inspection and testing of the wire. However, the court has authority to order that such discovery take place under conditions that are in the interests of justice. *See* FED. R. CIV. P. 26(c). Allowing the testing to go forward at this time would not only be economically burdensome to all parties, but also likely lead to duplication of effort. Counsel for Western A/S represent that they do not represent Western GmbH and have no authority to speak for that company. Therefore, Western GmbH's position on the testing is unknown. Although the parties are facing discovery deadlines, the joining of a new party often requires reevaluation of the current scheduling order deadlines, including discovery and expert designation deadlines.

Plaintiffs visually inspected the wire and took photographs shortly after the accident. There is no indication in the record that the subject wire is deteriorating or that the passage of time is in any way altering the metallurgical form or condition of the wire. The vessel

---

[3]   *See* Exhibit B to plaintiffs' motion.

owner is obligated to maintain the subject wire in a safe condition through the conclusion of these proceedings. Therefore, there is no prejudice to plaintiffs in delaying the metallurgical testing until all proper parties are before the court. Moreover, the metallurgical testing at issue has no bearing on the primary point of contention in the pending summary judgment motion, *i.e.*, whether Western A/S is the type of entity subject to § 905 liability. Therefore, delaying the testing will not impact plaintiffs' position on summary judgment.

Under the circumstances, the testing, which is sure to be expensive and require the participation of experts, must await resolution of the motion for summary judgment and service and appearance of Western GmbH. This order relates only to the metallurgical testing that is the subject of plaintiffs' motion to compel. It is not a stay of all discovery. It is therefore

ORDERED that plaintiffs' motion to compel (Dkt. 24) is denied. It is further

ORDERED that defendant's motion to strike the motion to compel and motion for sanctions (Dkt. 33) are denied.

Signed at Houston, Texas on November 2, 2005.

Stephen Wm Smith
United States Magistrate Judge