IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO RODRIGUEZ, CHRISTA CAMPOS, § | | |
| INDIVIDUALLY AND AS NEXT FRIEND OF SON, § | | |
| NOEL RODRIGUEZ, A MINOR, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-1129 | |
| § | | |
| M/V WASHINGTON RAINBOW II, HER § | | |
| ENGINES TACKLE, APPAREL, ETC., *IN REM*, § | | |
| GOUMAS SHIPPING CO., S.A. AND § | | |
| WESTERN BULK CARRIERS A/S, § | | |
| *IN PERSONAM*, § | | |
| Defendants. § | | |

**<u>ORDER</u>**

This personal injury case brought pursuant to the Longshore & Harbor Workers Compensation Act is before the court on plaintiffs' motion to strike the reports and exclude testimony from experts designated by Goumas Shipping Co., S.A. (Goumas) and Kambanos Maritime Ltd. (Kambanos) (Dkt. 53), as well as Goumas's and Kambanos's motion to extend the deadline for designating experts and filing reports (Dkt. 54).

The docket control ordered entered in this case initially set the deadline for plaintiffs' designation of experts at November 1, 2005, with reports due 60 days thereafter. Defendants' deadline for designating experts was December 1, 2005, with expert reports due 60 days thereafter. In October, 2005, Plaintiffs were granted leave to join an additional defendant, Western Bulk Carriers GmbH (WBC GmbH). In granting such leave, this court recognized that certain deadlines in the docket control order may need to be extended, but

did not stay all discovery or alter any existing deadlines. In November 2005, the parties agreed to extend the deadline for plaintiffs to file expert reports through February 1, 2006 and to enlarge the time to designate defense experts "until the latter of ninety (90) days after WBC GmbH has been served and appeared in the case, and [defendant Western Bulk Carriers AS's] Motion for Summary Judgment has been resolved."[1] Judge Hittner granted the request to extend the deadline for plaintiffs' reports, but in an order issued December 12, 2005 denied the request to extend the deadline for defendants' designation and reports. Judge Hittner referred the case to this Magistrate Court for all pretrial matters on January 23, 2006. Plaintiffs timely filed expert reports on January 31, 2006.

Despite Judge Hittner's December 12, 2005 order, Goumas and Kambanos did nothing further until February 1, 2006, when they designated 5 experts and filed two reports. Plaintiffs seek to exclude all evidence from Goumas's and Kambanos's late-designated experts.[2]

The decision whether to allow submission of expert reports after the deadlines granted in the court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure.

---

[1] Agreed Motion to Enlarge Time for Defendants to Designate Experts (Dkt. 43), at 2.

[2] Plaintiffs argue that their motion to strike should be granted as unopposed pursuant to Local Rule of the Southern District of Texas 7.4 because Goumas and Kambanos did not file a timely response. Because this court had not yet ruled at the time that Goumas and Kambanos filed their response the court declines to deem plaintiffs' motion unopposed. The court notes that neither plaintiffs' nor defendants motion complies with Local Rule 7.1(D) requiring a certificate of conference. In the future, such motions will be stricken from the record without prior notice.

Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Fifth Circuit has explained the good cause standard as follows: "In determining good cause, we consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). The decision whether to exclude late-designated experts is within the court's discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990).

Goumas and Kambanos have not provided compelling reasons for failing to designate experts before February 1, 2006. While they believed they had an agreement for an extension of time, they should have known on December 12, 2005 or shortly thereafter that such an extension was denied. Nonetheless, the other good cause factors weigh in favor of granting the extension. It is clear that expert testimony is important to both defendants and plaintiffs on questions of damages and causation in a personal injury case such as this. While plaintiffs bear the burden of proof, the defense will be severely hindered if plaintiffs experts go unchallenged. Moreover, at this stage of the proceedings there is no real prejudice to plaintiffs in allowing an extension of time to file expert reports. WBCG has not yet appeared in this action.[3] The discovery deadline is currently June 1, 2006, with trial set for the

---

[3]  In a separate order, the court has granted plaintiffs 60 additional days to serve WBCG.

October/November 2006 trial term. Under the circumstances, allowing these defendants until April 21, 2006 to provide additional expert reports, will not unduly prejudice plaintiffs or delay this case. It is therefore

ORDERED that plaintiffs' motion to strike (Dkt. 52) is denied. It is further

ORDERED that defendants' motion to amend the docket control order (Dkt. 54) is granted. It is further

ORDERED that defendants Goumas and Kambanos's expert reports shall be served on or before April 21, 2006.

Signed at Houston, Texas on March 21, 2006.

Stephen Wm Smith
United States Magistrate Judge